**Kathia E. ENNETT, Plaintiff,**

v.

**CUMBERLAND COUNTY BOARD OF EDUCATION, and Dr. William C. Harrison, in his individual capacity, Defendants.**

No. 5:09–CV–343–BO.

United States District Court,
E.D. North Carolina,
Western Division.

March 21, 2010.

Joy Rhyne Webb, Merritt, Flebotte, Wilson, Webb & Caruso, PLLC, Durham, NC, for Plaintiff.

Amy Jenkins, McAngus Goudelock & Courie, LLC, Charleston, SC, Webster Glenn Harrison, McAngus, Goudelock & Courie, LLC, Raleigh, NC, for Defendants.

## ORDER

TERRENCE W. BOYLE, District Judge.

This matter is before the Court on Defendants' Partial Motion to Dismiss. Defendants argue that several of Plaintiff's alleged causes of action must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth herein, Defendants' Motion is GRANTED.

## INTRODUCTION

Plaintiff Kathia E. Ennett, an African American woman, began working for Cumberland County Schools in August of 1977. She served as principal of the Lewis Chapel Middle School from July 1, 2002, until her retirement on July 31, 2008. On April 14, 2005, Plaintiff entered into a contract with the Board of Education for her employment as principal from July 1, 2005, through June 30, 2009. Plaintiff retired as principal of Lewis Chapel Middle School on July 1, 2008. She thereafter accepted a position as a part time remediation tutor at Lillian Black Elementary. Plaintiff alleges Dr. William Harrison forced Plaintiff to retire as principal on the basis of Plaintiff's race.

Plaintiff filed a charge of discrimination with the EEOC on September 11, 2008, alleging discrimination based on race. Notice of Right to Sue was issued to Plaintiff on May 1, 2009. Plaintiff filed this Complaint against the Cumberland County Board of Education and Dr. William C. Harrison, in his individual capacity, on July 30, 2009. The Board of Education filed a Partial Motion to Dismiss and an Answer on September 11, 2009. Plaintiff responded on October 5, 2009. And Defendants replied on October 13, 2009. The Motion is now ripe for ruling.

## DISCUSSION

Plaintiff's Complaint alleges claims of (1) race discrimination, (2) retaliation, (3) breach of contract, (4) negligent infliction of emotional distress, (5) negligent supervision or retention, and (6) tortious interference with contract. Defendants move to dismiss only the claims of negligent infliction of emotional distress, negligent supervision or retention, and tortious interference with contract.

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain,* 478 U.S. 265, 283, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the

court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993). Although specificity is not required, a complaint must allege enough facts to state a claim to relief that is facially plausible. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). If the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible," the "complaint must be dismissed." *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955.

## I. Negligent Infliction of Emotional Distress

■ Plaintiff has not pled facts sufficient to support a claim of negligent infliction of emotional distress. In order to state a claim for negligent infliction of emotional distress, "a plaintiff must allege that (1) the defendant negligently engaged in conduct, (2) it was reasonably foreseeable that such conduct would cause the plaintiff severe emotional distress (often referred to as "mental anguish"), and (3) the conduct did in fact cause the plaintiff severe emotional distress." *Johnson v. Ruark Obstetrics,* 327 N.C. 283, 304, 395 S.E.2d 85, *reh'g denied* 327 N.C. 644, 399 S.E.2d 133 (1990). Here, Plaintiff pleads only facts indicating intentional conduct, as opposed to negligent or reckless conduct, on the part of Dr. Harrison.

■ Moreover, the alleged conduct by Dr. Harrison and the Board of Education will not support a claim for either negligent or intentional infliction of emotional distress. Conduct supporting negligent or intentional infliction of emotional distress must "be regarded as atrocious, and utterly intolerable in a civilized society." *Wagoner v. Elkin City Schools' Bd. of Educ.,* 113 N.C.App. 579, 440 S.E.2d 119, 123 (1994), *disc. rev. denied,* 336 N.C. 615, 447 S.E.2d 414 (1994). Insults, indignities, and threats alone are not sufficient. *Id.* In *Wagoner v. Elkin City Schools' Board of Education,* the North Carolina Court of Appeals held that conduct similar to that alleged in Plaintiff's Complaint could not sustain a claim for intentional infliction of emotional distress. The Court summarized the relevant conduct in that case as follows:

"telling her to throw away her health and physical education materials because she would never need them again, removing her from her health and physical education teaching position to the job of ISS coordinator, placing her away from other faculty members in a small room with great humidity and high temperatures, returning a student that pushed plaintiff to her classroom, staring for "minutes at a time" at plaintiff while she taught, assigning her after school and Saturday work hours, asking her to accompany students on a skiing trip for a good evaluation, telling her she had the worst job in school, denying her the opportunity to attend workshops in her area, and asking "[w]hich one of you is Phyllis Wagoner" in front of the entire faculty . . ." *Id.* at 124

The Court held that this conduct amounted to mere insults and indignities and went on to find that removing the plaintiff from her position as a teacher did not constitute extreme and outrageous behavior. *Id.* In the instant case, Plaintiff alleges that Harrison asked Dr. Lavetta Henderson to develop an action plan for Plaintiff, gave Plaintiff a negative evaluation, told Plaintiff that he wanted her to retire rather than attempt an action plan, threatened to investigate Plaintiff and start dismissal proceedings if she did not

retire, and informed the Board of Education that Plaintiff had retired when she had not. Plaintiff alleges that this conduct cause her to retire as principal and take a part time position as a remediation tutor at Lillian Black Elementary. But as *Wagoner* indicates, this conduct does not constitute behavior so extreme and outrageous as to give rise to a tort claim for the intentional or negligent infliction of emotional distress. And Plaintiff does not allege any outrageous conduct on the part of the Board of Education. Rather, Plaintiff's claims against the Board of Education are more properly characterized as an ordinary lack of due care in supervising Harrison.

In sum, Plaintiff has not pled facts supporting a claim of negligent infliction of emotional distress against either Defendant. Therefore, Defendants' Motion to Dismiss is GRANTED with respect to Plaintiff's claims for negligent infliction of emotional distress.

## II. Tortious Interference with Contract

■ Plaintiff's tortious interference with contract claim is more properly characterized as a breach of contract claim. A plaintiff alleging tortious interference with contract must prove that the defendant interfered with "a valid contract between the plaintiff and a third person." *United Labs. Inc. v. Kuykendall*, 322 N.C. 643, 661, 370 S.E.2d 375, 387 (1988). In North Carolina, employees of the contracting organization cannot commit tortious interference unless "they have in fact interfered with the contract and the interference has no relation whatever 'to that legitimate business interest which is the source of the defendant's non-outsider status.'" *Wagoner* 440 S.E.2d at 124 (quoting *Smith v. Ford Motor Co.*, 289 N.C. 71, 87, 221 S.E.2d 282, 292 (1976)). In *Wagoner*, the North Carolina Court of Appeals held that the acts by the plaintiff's supervisor described above bore some relation to the

legitimate supervisory interest in the performance of the plaintiff's contract for employment as a teacher. *Id.* In the instant case, Dr. Harrison's conduct bears some relation to the legitimate interest in Plaintiff's performance of her contract. As such, Plaintiff has failed to allege interference with her employment contract by a third party. Therefore, Defendants' Motion to Dismiss is GRANTED with respect to Plaintiff's tortious interference with contract claims.

## III. Negligent Supervision or Retention

■ Plaintiff's negligent supervision or retention claim must also be dismissed. In North Carolina, a plaintiff alleging negligent supervision or retention "must prove (1) the specific negligent act on which the action is founded, which may, in some cases, but not generally, be such as to prove incompetency, but never can, of itself, prove notice to the master; (2) incompetency, by inherent unfitness or previous specific acts of negligence, from which incompetency may be inferred; (3) either actual notice to the master of such unfitness or bad habits, or constructive notice, by showing that the master could have known the facts had he used ordinary care in 'oversight and supervision,' or by proving general reputation of the servant for incompetency or negligence; and (4) that the injury complained of resulted from the incompetency proved." *Walters v. Durham Lumber Co.*, 163 N.C. 536, 80 S.E. 49, 51 (1913); *Foster v. Nash–Rocky Mount County Bd. of Educ.*, 191 N.C.App. 323, 665 S.E.2d 745 (2008).

■ Under North Carolina law, a violation of Title VII alone is insufficient to support a negligent supervision claim because such a violation does not constitute a common law tort. *Jackson v. FKI Logistex*, 608 F.Supp.2d 705 (E.D.N.C.2009) (citing *McLean v. Patten Cmtys., Inc.*, 332

F.3d 714 (4th Cir.2003)). As discussed above, Plaintiff can not maintain her claims for negligent infliction of emotional distress or tortious interference. And none of Plaintiff's remaining claims constitutes a common law tort. As such, Plaintiff fails to present a tortious act sufficient to support a claim for negligent supervision. Therefore, Defendants' Motion to Dismiss is GRANTED with respect to Plaintiff's negligent supervision claims.

## CONCLUSION

Therefore, Defendants' Partial Motion to Dismiss is GRANTED. Plaintiff's claims for negligent infliction of emotional distress, tortious interference with contract, and negligent supervision are DISMISSED. The remainder of the claims set forth in Plaintiff's Complaint may proceed.

SO ORDERED.